UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MOV-ology LLC, | Civil Action No. 1:26-cv-886 |
| Plaintiff, | |
| v. | |
| Moonshot Ventures Inc. d/b/a Basin, | **Jury Trial Demanded** |
| Defendant. | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MOV-ology LLC files this Original Complaint for patent infringement against Defendant Moonshot Ventures Inc. d/b/a Basin ("Basin") and alleges the following:

**Nature of the Action**

1. MOV-ology sues to stop, and to recover damages caused by, Basin's infringement of MOV-ology's patents.

2. Founded in 2011 as MOV Digital Media, Inc., MOV-ology has spent the last 15 years developing and commercializing its proprietary Capture® software. Capture® allows businesses to amplify their online lead generation and remarketing capability by capturing data as soon as a customer types it into a web form. Capture® helps businesses stop losing leads to incomplete forms and improve their digital ad spending efficiency. MOV-ology's Recover® and Automated Postcard ReMarketing services pair with Capture® to help businesses convert leads from incomplete or abandoned web forms into sales. *See* https://automatedremarketing.com/.

3. As recognition of MOV-ology's innovations, the U.S. Patent & Trademark Office has awarded MOV-ology several patents covering systems and methods for capturing, analyzing,

—1—

and acting on information gathered from incomplete or abandoned web forms. These patents include U.S. Patent Nos. 9,280,531 (the "'531 patent") and 9,286,282 (the "'282 patent").

4.    Since at least March 2016, MOV-ology's website has identified that its patents, including the '531 and '282 patents, cover its products and services:



https://movology.com/patents/.

5.      Basin is a Canadian technology company that aims to help customers "start collecting form submissions, filtering spam, and automating workflows." https://usebasin.com/. Basin's offerings include a Lead Capture platform that purports to "[s]top form abandonment" and "[c]apture every lead" because "Basin automatically saves partial form submissions in real time – so when visitors abandon your form, you still keep the data they entered." https://usebasin.com/leads-platform. Basin's website claims its products are "[t]rusted by thousands of teams around the world," and that new customers can "[j]oin 35,000+ agencies, business, and creators building better forms." https://usebasin.com/; https://usebasin.com/leads-platform. Basin customers can use its products and services, including Lead Capture, to capture data from abandoned web forms and remarket to customers who abandoned these forms, as described in the '531 and '282 patents.

6.      MOV-ology at all relevant times has owned all rights in and title to the '531 and '282 patents, including the right to collect past damages for infringement.

**Parties**

7.      Plaintiff MOV-ology LLC is a Delaware limited liability company with offices at 1600 North Kraemer Boulevard, Anaheim, California 92806.

8.      Defendant Moonshot Ventures Inc. d/b/a Basin is a Canadian company registered as a BC Company (BN 791675200, Registry ID BC1312291) with a registered office at 30060 Harris Road, Abbotsford, British Columbia, V4X 1V6, Canada.

9.      Basin may be served under Fed. R. Civ. P. 4(f).

**Jurisdiction and Venue**

10.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This case presents a federal question under U.S. patent law, 35 U.S.C. §§ 271, 281, 284, 285.

11.     This Court has general personal jurisdiction over Basin because it has engaged in substantial activity within this State and District. The Court has specific jurisdiction over Basin because it has caused acts of infringement to occur in this District in violation of 35 U.S.C. § 271. Basin designs, develops, tests, uses, markets, and sells its infringing products and services to customers in this District. As an example, Basin's website advertises its products and services as "[t]rusted by thousands of teams around the world" and identifies by name and corporate logo one or more customers headquartered or with significant operations in this State and District. *See generally* https://usebasin.com/. Because Basin maintains more than purposeful minimum contacts here, the Court's exercise of jurisdiction would not offend any notions of fair play and substantial justice.

12.     Venue is proper as to Basin, a foreign company, because it may be sued in any district under 28 U.S.C. § 1391(c)(3).

### The Asserted Patents

13.     The '531 patent, titled "Marketing to Consumers Using Data Obtained from Abandoned Electronic Forms," issued March 8, 2016. MOV-ology co-founders Thomas Ling and Peter Norton filed the application that led to the '531 patent on June 18, 2014.

14.     The '282 patent, titled "Obtaining Data from Abandoned Electronic Forms," issued March 15, 2016. MOV-ology co-founders Thomas Ling and Peter Norton filed the application that led to the '282 patent on June 18, 2014.

15.     The '531 and '282 patents (the "asserted patents") each claim provisional priority to U.S. Provisional Application No. 61/908,349, filed November 25, 2013.

16.     The asserted patents are presumed valid and enforceable under 35 U.S.C. § 282. Exhibit A contains a copy of the '531 patent. Exhibit B contains a copy of the '282 patent.

17.     MOV-ology owns all right, title, and interest in the asserted patents, including the right to assert all causes of action involving the asserted patents and the right to any remedies for infringement, including for past damages.

18.     The asserted patents teach technical solutions to an unsolved technological problem. The written description of the asserted patents teaches in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the combination of claim elements differed markedly from and improved on prior conventional or generic solutions. For example, the asserted patents disclose specific computer technology that allows a website owner to know whether a user has abandoned or otherwise not completed a web form and to capture in real or near-real time the unsubmitted information, which data would be lost without the teachings of the asserted patents.

19.     The problem addressed by the asserted patents is unique to computer networking applications such as web pages. The phenomenon of potential customers beginning to fill out an online form only to abandon the form without submitting it is a computer networking-specific problem with no non-computer analogue. For example, the inventions claimed in the asserted patents allow a website owner to obtain and retain information about a potential customer even if a customer does not complete a transaction at the website. This can only happen if a user first visits a *website* and at least partially completes an *electronic form*. Such a process cannot happen in a physical store or other physical setting.

20.     The claimed solutions are technical in nature, as well. To illustrate, the asserted claims of the '282 patent require determining that an HTML form has been abandoned, obtaining data from the abandoned form, building a data structure based on the abandoned form, parsing the data to obtain an HTML element with an attribute, and storing the HTML element, attribute,

or user-entered text. Taken together, these computer-implemented operations are specific to HTML web forms and teach technical means of obtaining data from abandoned web forms.

21.    The asserted patents are thus not directed to an abstract idea.

22.    Further, the elements claimed by the asserted patents, taken alone or in combination, were not well-understood, routine, or conventional to one of ordinary skill in the art at the time of the inventions. The asserted patents present technical solutions to problems that only arise in the field of computer technology: how to prevent data loss in web forms that users abandon or otherwise do not complete. The inventions improved existing techniques for capturing data in web forms, which had required users to complete the form or submit credentials like a username and password to log in to a website before that website could capture this form data. The innovative approach of the asserted patents significantly expands the ability to capture data by enabling it without electronic form submission and without a username and password. This approach was not well-understood, routine, or conventional at the time of invention, as website owners relied on form submission or logins to gather data about user activity.

### Count I: Infringement of the '531 Patent

23.    MOV-ology incorporates the preceding paragraphs as if it repeated them all here.

24.    The '531 patent recites 14 claims, including independent claims 1 and 10. *See* Ex. A, 19:30 to 21:3.

25.    Basin has infringed and continues to infringe, literally or by the doctrine of equivalents, at least claim 1 of the '531 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '531 patent.

26.    Basin's products and services that infringe the '531 patent include, for example, its Lead Capture product that includes its "progressive field capture" and "auto-response"

functionality. *See, e.g.*, https://usebasin.com/leads-platform. Basin's products and services help customers "[k]eep the data visitors entered, even when they leave early." *Id.* And Basin helps customers "[a]utomatically send a follow-up email to people who abandon your form." *Id.*

27.    Claim 1 of the '531 patent reads:

A method to market to consumers with data obtained from abandoned electronic forms, the method comprising:

determining that an electronic form accessed by a user has been abandoned by the user, the electronic form having embedded computer-executable instructions and one or more fields configured to accept user-entered text, the electronic form comprising at least one hypertext markup language (HTML) element associated with the one or more fields, the at least one HTML element having at least one attribute;

obtaining data from the abandoned electronic form with the embedded computer-executable instructions by building a data structure based on the abandoned electronic form;

parsing the data structure to obtain the at least one HTML element;

storing one or more of the at least one HTML element, the at least one attribute, and the user-entered text;

determining identifying information of the user based at least in part on the user-entered text;

identifying a preferred communication medium of the user; and

sending a personalized message to the user based at least in part on the identifying information via the preferred communication medium to entice the user to complete the electronic form.

Ex. A, 19:31-56.

28.    A claim chart showing an example of how Basin infringes the '531 patent accompanies this Complaint at Exhibit A-1.

29.    Basin has known about the '531 patent since at least the date of service of this Complaint.

30.    At least as early as Basin's knowledge of the '531 patent, Basin indirectly infringes the '531 patent in the United States by inducement under 35 U.S.C. § 271(c). Basin

—7—

knowingly and intentionally induces infringement of the '531 patent by intending others to make, use, offer for sale, or sell in the United States products or services covered by the '531 patent. Basin provides these products or services and provides instructions on their use to others, such as platform partners, agency partners, app developers, customers, and end customers, who provision for use, offer for sale, or sell in the United States products or services that directly infringe at least claim 1 of the '531 patent. *See generally* https://docs.usebasin.com/.

31.     Basin also contributes to the infringement of the '531 patent by others by knowingly providing products and services that, when configured by Basin's customers, partners, or developers, result in a system that directly infringes at least claim 1 of the '531 patent. *See, e.g., id.*

32.     Basin is liable for infringement of the '531 patent due to its actions in this District and throughout the United States. Basin's infringing conduct has caused MOV-ology to suffer damages and irreparable harm.

### Count II: Infringement of the '282 Patent

33.     MOV-ology incorporates the preceding paragraphs as if it repeated them all here.

34.     The '282 patent recites 15 claims, including independent claims 1 and 9. *See* Ex. B, 19:12 to 20:45.

35.     Basin has infringed and continues to infringe, literally or by the doctrine of equivalents, at least claim 1 of the '282 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '282 patent.

36.     Basin's products and services that infringe the '282 patent include, for example, its Lead Capture product that includes its "progressive field capture" and "auto-response"

functionality. *See, e.g.*, https://usebasin.com/leads-platform. Basin's products and services help customers "[k]eep the data visitors entered, even when they leave early." *Id.*

37. Claim 1 of the '282 patent reads:

A method to obtain data from abandoned electronic forms, the method comprising:

determining that an electronic form accessed by a user has been abandoned by the user, the electronic form having embedded computer-executable instructions and one or more fields configured to accept user-entered text, the electronic form comprising at least one hypertext markup language (HTML) element associated with the one or more fields, the at least one HTML element having at least one attribute;

obtaining data from the abandoned electronic form with the embedded computer-executable instructions by building a data structure based on the abandoned electronic form and parsing the data structure to obtain the at least one HTML element; and

storing one or more of the at least one HTML element, the at least one attribute, and the user-entered text.

Ex. B, 19:13-29.

38. A claim chart showing an example of how Basin infringes the '282 patent accompanies this Complaint at Exhibit B-1.

39. Basin has known about the '282 patent since at least the date of service of this Complaint.

40. At least as early as Basin's knowledge of the '282 patent, Basin indirectly infringes the '282 patent in the United States by inducement under 35 U.S.C. § 271(c). Basin knowingly and intentionally induces infringement of the '282 patent by intending others to make, use, offer for sale, or sell in the United States products or services covered by the '282 patent. Basin provides these products or services and provides instructions on their use to others, such as platform partners, agency partners, app developers, customers, and end customers, who provision for use, offer for sale, or sell in the United States products or services that directly infringe at least claim 1 of the '282 patent. *See generally* https://docs.usebasin.com/.

41.     Basin also contributes to the infringement of the '282 patent by others by knowingly providing products and services that, when configured by Basin's customers, partners, or developers, result in a system that directly infringes at least claim 1 of the '282 patent. *See, e.g.*, *id.*

42.     Basin is liable for infringement of the '282 patent due to its actions in this District and throughout the United States. Basin's infringing conduct has caused MOV-ology to suffer damages and irreparable harm.

## Prayer for Relief

MOV-ology asks the Court to enter judgment as follows:

A.     Enter judgment that Basin has infringed and continues to infringe each of the asserted patents;

B.     Award damages in an amount to be proven at trial, but in no event less than a reasonable royalty to compensate MOV-ology for Basin's infringement, plus pre- and post-judgment interest at the maximum permissible rate;

C.     Award reasonable attorneys' fees against Basin to MOV-ology as allowed under 35 U.S.C. § 285;

D.     Award expenses, costs, and disbursements against Basin, including interest;

E.     Permanently enjoin Basin, its officers, agents, affiliates, employees, attorneys, and all others acting in concert or along with Basin from infringing the asserted patents; and

F.     Award any other relief the Court deems just and proper.

## Demand for Jury Trial

MOV-ology demands a trial by jury for all triable claims under Fed. R. Civ. P. 38.

Respectfully submitted,

Dated: April 9, 2026

By: */s/ Karl Rupp*

    Karl Rupp (State Bar No. 24035243)
       krupp@soreylaw.com
    **Sorey & Hoover LLP**
    100 North Sixth Street, Suite 502
    Waco, Texas 76701
    Telephone: 903-230-5600

    Patrick A. Fitch
       pfitch@princelobel.com
    Robert Gilman
       rgilman@princelobel.com
    Jonathan DeBlois
       jdeblois@princelobel.com
    Kevin Gannon
       kgannon@princelobel.com
    **Prince Lobel Tye LLP**
    One International Place, Suite 3700
    Boston, Massachusetts 02110
    Telephone:  +1 (617) 456-8000

    *Attorneys for MOV-ology LLC*

—11—